## SCHRADER v. UNITED STATES.
### No. 10922.

Circuit Court of Appeals, Eighth Circuit.
Feb. 24, 1938.

Harold J. Bandy, of Granite City, Ill., for appellant.

Henry G. Morris, Asst. U. S. Atty., of St. Louis, Mo. (Harry C. Blanton, U. S. Atty., of Sikeston, Mo., on the brief), for the United States.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The appellant, Helen Schrader, was convicted of conspiracy to violate the Mann Act June 25, 1910, 18 U.S.C.A. § 397 et seq., and also upon a separate (second) count which charged her and two young men with the substantive offense against that act of transporting and causing a girl to be transported in interstate commerce by means of an automobile from St. Louis, Missouri, to East St. Louis, Illinois, with the intent and for the purpose of inducing, enticing, and compelling the girl to give herself up to debauchery and to engage in other immoral practices. This appellant was sentenced to three years' imprisonment for the substantive offense and to two years for the conspiracy, the sentences to run concurrently.

There is very clear and convincing evidence that on June 11, 1936, while appellant was operating a house of prostitution in East St. Louis, the two young men, her codefendants, transported the young girl described in the indictment by automobile from St. Louis, Missouri, to the house of prostitution in East St. Louis, Illinois. The appellant was then informed that the girl lived in St. Louis, Missouri, and that one of the young men who was transporting her in the automobile (referred to as her "sweetheart") was active in procuring her to engage in prostitution. Efforts were made by the appellant and the procurer to have the girl commence prostitution in the house then and there, and the money she would make on the terms of employment offered was dwelt on, but she declined. "So then (the girl testifies) the agreement was that if I wanted to hustle, I should come back that Friday, June 19th." "Helen (Schrader, appellant) looked at LeRoy (one of the co-defendants who was acting as procurer for the girl) and said, 'I guess she will be down next Friday.'" On the day specified, Friday, June 19th, the two young men transported the girl and her suitcase by automobile from her home in Missouri to appellant's house of prostitution in Illinois and there she engaged in prostitution on the terms of employment specified by appellant at the first interview "on a fifty-fifty basis." The appellant instructed the

girl to tell anybody who asked where she was from, that she was from Granite City, which is in Illinois.

The only inference that could fairly be drawn from the testimony is that the appellant knowingly induced and procured the interstate transportation of the girl from her home in Missouri to the house in Illinois by definite promises and enticements held out to the girl and her procurer, who had just brought her across the state line in the car. The young man's part being made plain from the fact that after he had succeeded in getting her into the place, the girl gave him most of her net earnings from the prostitution.

It is argued on this appeal that the evidence is insufficient to support the conviction of Helen Schrader for the substantive offense and it is pointed out in support of the argument that she did not own the automobile or drive it or furnish any transportation or any expense therefor out of her pocket, and did not physically participate in the transportation or even mention transportation.

But that she was a party to it, one who induced and procured the commission of the crime, who aided and abetted therein, who dangled the bait and promised the rewards, who gave the assurance of the place and the means to practice the prostitution, who effectually brought about the transportation of the girl from her home in Missouri to the house of ill fame in Illinois, and did it for the profit she got out of it, is perfectly apparent; and it is equally apparent that appellant acted with full knowledge that the transportation of the girl which she was bringing about was transportation from the girl's home in Missouri to the place in Illinois, that is, interstate commerce. Responsibility for crime is not limited under the federal statute to those who do the overt acts. It extends to all who knowingly and willfully take a hand in it within the act defining a principal. 18 U.S.C.A. § 550; La Feber v. U. S., 8 Cir., 59 F.2d 588; Baish v. U. S., 10 Cir., 90 F.2d 988. The judgment upon the charge of the substantive offense carried three years' imprisonment and we think it was right. It is therefore not necessary to discuss the conviction for conspiracy or error claimed to have been committed in the introduction of testimony in support of that charge. We are not persuaded that there was any prejudicial error but only two years sentence was imposed on account of conspiracy and that runs concurrently with the three year sentence for the substantive offense.

The judgment should be affirmed.