**HAYS et al. v. UNITED STATES.**

No. 9973.

Circuit Court of Appeals, Fifth Circuit.

Oct. 27, 1941.

Clint W. Hager, of Atlanta, Ga., for appellants.

T. Hoyt Davis, U. S. Atty, and T. Reese Watkins, both of Macon, Ga., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Cecil E. Hays and Herbert L. Huckaby were each convicted on four counts of an indictment which charged that on December 18, 1940, they were engaged in illegal liquor distilling operations in violation of R.S. 3258, 3281, 3279, 26 U.S.C.A. Int. Rev.Code, §§ 2810, 2833, 2831. Hays was sentenced to serve two years in the penitentiary and pay a fine of $300; and Huckaby was sentenced to serve a year and a day in the reformatory and pay a fine of $300.

The appellants, relying upon Bender v. United States, 3 Cir., 93 F.2d 814, contend that the trial court erred in refusing to quash the fourth count of the indictment which charged that they "unlawfully, wilfully, and knowingly did work in a distillery for the production of spir-

54

ituous liquors, upon which no sign bearing the words 'Registered Distillery' was placed and kept, as required by law." There is no merit in this contention. The offense charged in the Bender case took place in 1934, and if, as held in that case, 26 U.S.C.A. Int.Rev.Code, § 2831 was not in force in 1934, it was in effect when the offense charged against these appellants took place in December, 1940. See Liquor Tax Administration Act of June 26, 1936, 49 Stat.1939, Title IV, Sec. 413. Moreover, the sentences do not measure to the maximum which could have been lawfully imposed under the other three uncontested counts of the indictment.

The appellants further contend that the evidence was insufficient to warrant a submission of the case to the jury, and Hays assigns as error the refusal of the court to grant his motion for a directed verdict. A federal revenue agent and two Georgia revenue agents testified that on the morning of December 18, 1940, they approached an illegal liquor distillery in the woods about eleven miles from Thomaston in Upson County, Georgia; that the distillery was in operation and whiskey was being made; that there were three white men and one negro at the still; and that they were moving about and appeared to be busy in and about the still. The agents moved in closer to the still until the negro saw one of them. The four men then ran away from the distillery in an attempt to escape. Hays and Huckaby were apprehended as they ran and the other white man and the negro ran into the woods and escaped. Both Hays and Huckaby were dressed in work clothes, and there is testimony that they had "still slop" and "mash" on the front of their overalls.

Huckaby admitted on the witness stand that he was working at the distillery, but denied that Hays worked there. Hays testified that he had nothing to do with the operation of the distillery, and that he was there solely for the purpose of getting a load of liquor to take back to his place of business in Atlanta some sixty miles away. Hays said that he met one Lee Baldwin in Atlanta and that Baldwin said "he had a small still in Upson County and he wanted to sell some whiskey and I told him I was probably in the market for some"; and that on December 18th, 1940, he drove from Atlanta to Upson County to meet Baldwin at a place they had agreed upon; that he met Baldwin in the road;

that Baldwin told him the liquor would not be ready until late that afternoon; that he thereupon sent his automobile back to Atlanta and instructed his driver to bring another automobile which was better equipped to haul liquor; that he then walked with Baldwin about two miles through the woods to the still where they remained until the officers appeared and arrested them about an hour later.

 The evidence made a case for the jury and the court properly refused to direct a verdict for the defendant. The explanation offered by Hays as to what he was doing at the distillery was for the jury to analyze and weigh along with the other evidence in the case. The jury, as it had a right to do, rejected Hays' explanation and found him guilty of the offenses charged. The evidence amply supports the verdict as to each of the appellants. United States v. Mann, 7 Cir., 108 F.2d 354; United States v. Morley, 7 Cir., 99 F.2d 683; Levi v. United States, 5 Cir., 71 F.2d 353; Segurola v. United States, 1 Cir., 16 F.2d 563; Jordan v. United States, 4 Cir., 120 F.2d 65, certiorari denied 314 U.S. ——, 62 S.Ct. 102, 86 L.Ed. ——.

The judgment is affirmed.