## 15385

### STATE v. QUICK

(19 S. E. (2d), 101)

Summer Term, 1941.

*Mr. Neville Bennett,* and *Mr. George W. Freeman, Jr.,* both of Bennettsville, for appellant,

*Mr. Sidney S. Tison, Solicitor,* of Bennettsville, for respondent.

March 5, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

The defendant was convicted of the unlawful manufacture of intoxicating liquor under Section 1829, Code 1932,

and amendments thereto. The main question in the case, as we see it, is whether the lower Court erred in refusing to direct a verdict of acquittal, a motion therefor having been made at the close of the evidence offered by the State.

On the morning of May 12, 1941, certain officers of Marlboro County found two stills on the property of the defendant in that county, with complete paraphernalia for the distillation of intoxicating liquor. These stills were located about 100 yards from the dead end of a road which led from the State highway into the woods. A pathway ran from the end of the road to the site of the stills. After watching and waiting around the stills for some time, they went to their car, which was parked in the bushes, and backed out upon the road to which we have referred. This road was narrow, and as they started forward they met an approaching automobile owned by the defendant, Shuford Quick, and occupied by him and two young men, and two little children. This car contained 500 pounds of sugar, a sack of mill feed, and three cases of yeast cakes. The appellant and the two young men were promptly arrested and placed in jail. The officers stated that neither of the stills was in operation. One, however, contained mash, and the other appeared to have been recently operated. Two cases of fruit jars were found at the stills, and a little whiskey or wine in a fruit jar. The officers further testified that they did not know to whom the stills belonged. They were located, as already stated, upon land owned by the appellant, and it was testified that his home was in the opposite part of the county.

We think there can be no doubt but that the evidence overwhelmingly tends to show an intention on the part of the appellant to manufacture liquor; certainly such inference may reasonably be drawn. But intent alone, not coupled with some overt act toward putting the intent into effect, is not cognizable by the Courts. The law does not concern itself with mere guilty intention, unconnected with

any overt act. *State v. Kelly,* 114 S. C., 336, 103 S. E., 511; 14 Am. Jur., Sec. 25, page 786.

No definite rule as to what constitutes an overt act can safely be laid down in cases of this kind. Each case must depend largely upon its particular facts and the inferences which the jury may reasonably draw therefrom, subject to general principles applied as nearly as can be, with a view to working substantial justice.

It is well settled that the "act" is to be liberally construed, and in numerous cases it is said to be sufficient that the act go far enough toward accomplishment of the crime to amount to the commencement of its consummation. While the efficiency of a particular act depends on the facts of the particular case, the act must always amount to more than mere preparation, and move directly toward the commission of the crime. In any event, it would seem, the act need not be the last proximate step leading to the consummation of the offense. 22 C. J. S., Criminal Law, § 75, page 139.

In the case of *State v. Ravan,* 91 S. C., 265, 74 S. E., 500, 501, the defendant was convicted of the unlawful manufacture of intoxicating liquor. Upon appeal the judgment was sustained, but upon a statement of facts different from the facts in the case at bar. In that case the testimony for the State was as follows: "We went to the distillery about 6 o'clock in the morning; no one was there; the still was in the furnace; and we hid ourselves in the bushes around there in sight of the distillery, and at 8:30 Mr. Ravan came with a . . . . . . . . . . under one arm and kindling under the other. The still was full of water, and he let the water out of the still and picked up a piece of copper about the size of that (indicating) and was scraping in the still, and we rushed in on him. * * * We found seven fermenters, and I reckon fully 700 or 800 gallons of beer."

The Court held that this testimony justified the trial Court in its refusal to direct a verdict, and held that, "To constitute the offense of manufacturing liquor

it is not necessary that the product of the manufacturer should be complete. Manufacture is 'the process of making by art or reducing materials into form fit for use, by the hand or by machinery' (26 Cyc., 519) ; and one employed in this process is manufacturing."

It will be noted that in the foregoing case the proof showed that the defendant was actually present at the still, in the act of taking out the water, cleaning out the still, and with a bundle of kindling under his arm. But in the case which is now before us, the defendant was 100 yards away from the still, in an automobile, and there is no evidence that he had taken any initial step, or performed any overt act looking toward the commission of the crime of unlawfully manufacturing, unless it can be held that the presence and possession of the sugar, meal, and yeast cakes found in his automobile constituted such overt act.

While the term "overt act" should be given a liberal construction so as to carry into effect the purpose of the law, we do not think that liberality can go so far under the facts in this case, so as to hold the defendant guilty of unlawfully manufacturing intoxicating liquor. There is a wide difference between the preparation for the commission of an offense and the commission of the offense itself, or even the attempt to commit. The preparation consists in devising or arranging the means or measures necessary for the commission of the crime; the attempt or overt act is the direct movement toward the commission, after the preparations are made. *People v. Murray,* 14 Cal., 159.

In the case at bar, the defendant was not at the stills, and it cannot be said under the facts of this case that he was engaged in the process of manufacturing. The testimony shows nothing more than an act on his part merely preparatory to the commission of the crime, and not an act proximately leading to its consummation, as was evident in the case of *State v. Ravan, supra,* where the defendant had engaged in manual operations connected with the mechanics of the manufacturing plant.

The appellant likewise raises the issue that the lower Court erred in refusing his motion for a new trial.

This assignment of error relates to the instructions given by the Court to the jury. The charge objected to was given in the following language: "Mr. Foreman, as I told you in the beginning, if you conclude that these defendants went out there for the common enterprise of getting ready or doing anything for the manufacture of whiskey, then they would all be guilty if any one of them was guilty. However, if you find that there was some difference between why they were there and what they were there for, why, then, of course, your verdict would be, as to them, different, if you conclude that they were not taking part or intending to take part in the manufacture of whiskey."

It is contended that by this instruction the jury was told that the intention to manufacture intoxicating liquors illegally constituted a violation of the statute of the State, and that if any one or all of the defendants did engage in the manufacture, or intended to engage in the manufacture of liquor, such an act or intention constituted a violation of the law.

We think this charge·went too far, and in our opinion it was prejudicial. Nor can we find in the entire charge any statement of the law which would correct it. Our statute makes it unlawful, except under certain conditions and requirements, to manufacture liquor. But it does not constitute an offense to intend to manufacture liquor. No person can lawfully be convicted of an offense merely because he intended to commit it, but did nothing in execution of such intention.

In our opinion the defendant is entitled to a new trial in any event. But because of the error in overruling his motion for a directed verdict the judgment is reversed, with direction to enter a verdict of not guilty.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.