**UNITED STATES v. PRITCHARD et al.**

No. C/9190.

District Court, W. D. South Carolina.

May 20, 1944.

Oscar H. Doyle, U. S. Atty., of Greenville, S. C., for the United States.

D. W. Galloway, of Spartanburg, S. C., for defendant Woodfin Vance Waters.

WYCHE, District Judge.

The defendant, Woodfin Vance Waters, was convicted on the second count of an

indictment in the above case, charging him, Clarence Lockhart and Amos Duncan Pritchard, with knowingly and unlawfully engaging in, or carrying on, the business of distillers of spirituous liquors, without having given bond, as required by law, and with intent to defraud the United States of the tax on the spirits distilled by them, contrary to the form of the statute, etc. 26 U.S.C.A. Int.Rev.Code, § 2833. Clarence Lockhart was acquitted; Amos Duncan Pritchard was in the armed forces of the United States, and the District Attorney did not ask a true bill as to him.

At the conclusion of all the testimony, the defendant Waters moved for a directed verdict of not guilty as to him. Motion was overruled, and the matter is now before me upon defendant Waters' motion for a new trial, on the ground that there is no evidence to sustain the verdict of the jury, and that a verdict of not guilty should have been directed by the court.

The testimony discloses that officers of the law, as a result of information theretofore received, went to Hogback Mountain about twelve o'clock noon on November 26, 1943, and found an illicit distillery in operation. The distillery was seized and destroyed, along with 1050 gallons of sugar and shorts mash, and 27 gallons of whiskey that had been manufactured before the officers arrived. Pritchard and two unidentified men were at the distillery, and fled upon the arrival of the officers. Pritchard was apprehended and the other two escaped. There was evidence of considerable travel to the distillery. It was about 50 yards from a pond from which the water for the distillery was piped. About five o'clock of the same day the officers saw the defendant Waters driving a pick-up truck along the road leading toward the distillery, and apprehended him about three-fourths of a mile from where the distillery was located. No liquor was found in the truck driven by the defendant, or anything else which could be used in carrying on the work of operating the distillery, except ten cases of one-half gallon fruit jars, and sixty one-gallon jugs, which were intended to be used for containers for whiskey manufactured at the distillery. When apprehended the defendant Waters admitted that he was coming after the whiskey at the distillery that the officers had destroyed and later gave the following written statement to the officers of the law: "My full name is Woodfin Vance Waters, Alias Woody or Woodrow, I live at Rt #4 Spartanburg, S. C. I work for Boyd Riding near the City Limits of Spartanburg. I am not married. I am 39 years old, 145 lbs, Grey eyes, Brn hair, Med build. I was arrested in Polk County, N. C. for making whiskey in 1940 and was fined 141.70, and was arrested twice in August 1943 in Spartanburg County, S. C. for selling whiskey, and was fined 100.00 in one case and one case is pending. That is all I have been up for except some minor charges. I have never been in Federal Court before. I have no financial responsibility. On Nov. 25, 1943 I asked the owner of the 1935 Pick-up Ford Truck that I had been driving around the place where I worked if I could borrow the truck to go visit my folks in Tryon, N. C. the next day, and he said that it was alright. At about 3:PM on Friday Nov. 26, 1943 I left my folks in Tryon, N. C. and went into town and bought about 10 cases of half-gallon fruit jars [1] and about 60 one Gal. jugs and then proceeded up the Hogback Mtn. road. I was going to the Club House on top of the mountain and get a load of whiskey. *Arrangements had already been made to pick this whiskey up.* Just before I got to the site some Officers tried to stop me on the road, but I jumped out of the truck and ran down the mountain and was caught someways down. I had nothing to do with the still, *but was just going to get the whiskey. I was figuring on paying 4.50 per Gallon for it, and I was going to re-sell it for about 8.00 per Gal.* This is about all I know about the matter."

It is contended by the defendant that regardless of his motives, his apprehension made it impossible for him to carry out his evil design of completing his acquisition of the un-tax-paid whiskey; that no evidence was shown that he had any financial interest or other interest in the distillery, or its operation. To sustain his contention he relies upon, among other South Carolina decisions,[2] the case of State v. Kelly, 114 S.C. 336, 103 S.E. 511, 512, where the Supreme Court of South Carolina said: "It is true that from the beginning and until now 'every imagination of the thoughts of his (man's) heart was only evil continually.' But when a man is charged with evil thoughts ripened into action, his fellow triers cannot rest judgment on their knowl-

---

[1] 12 jars to the case.

[2] State v. Ravan, 91 S.C. 265, 74 S. E. 500. State v. Quick, 199 S.C. 256, 19 S.E.2d 101.

edge of original sin inherent in the prisoner, else none of us would escape judgment. The evil thought, which is the criminal intent, only becomes unlawful when he who harbors it proceeds to put it into action."

The Government contends that although the defendant Waters was not present at the distillery and was not shown to have done any work at it, or actually furnished any supplies for it, he is guilty as a principal, because he induced, encouraged or procured the commission of the offense by others, and to support this contention relies upon 18 U.S.C.A. § 550, which is as follows: "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

■ While the distinctions of guilt between principals, aiders and abettors, and accessories, have been abolished by the foregoing federal statute, and all are charged as principals, and are equally guilty, it is still necessary to apply the common law rules in order to determine whether a person, who is absent when the crime is committed by another, is guilty as a principal under the statute.

■■ At common law an accessory before the fact to a felony, (and the offense of which the defendant Waters was convicted is a felony, 18 U.S.C.A. § 541) is one, who though absent at the commission of the felony, counsels, incites, induces, procures, encourages, engages or commands another to commit the felony subsequently perpetrated. It is not necessary that he shall be the originator of the design to commit the crime; it is sufficient if, with knowledge that another intends to commit a crime, he encourages and incites him to carry out his design; nor is it essential that any specific mode for perpetrating the crime shall be counseled, encouraged or commanded. The communication between the accessory and the principal may be through a third person, and it is not necessary either that the accessory shall know by whom the crime is actually to be committed, or that the identity of the accessory be known to the principal in the crime. 22 C.J.S., Criminal Law, § 93, pp. 164, 165.

■ In order to convict for the offense here involved, it is not necessary that a defendant should carry on the business of a distiller personally, that he should be responsible for the labor, or interested as owner, or act as an agent in charge. It is enough that he aids and abets directly or indirectly the manufacture of the distilled spirits as a business, knowing that it is being carried on in violation of law. United States v. Harbison, 26 Fed.Cas. page 130, No. 15,300. Responsibility for crime is not limited under the federal statute to those who do the overt acts. It extends to all who knowingly and willfully take a hand in it, within the act defining a principal. Schrader v. United States, 8 Cir., 94 F.2d 926, 927. Aiders and abettors may be indicted, tried and convicted as principals. Madigan v. United States, 9 Cir., 23 F.2d 180.

■ From the evidence in this case the jury could have concluded that the distillery had been installed and in operation sometime previous to the day it was discovered by the officers; that the defendant Waters, or someone for him, had arranged for the manufacture of the whiskey for Waters at a price of $4.50 per gallon, and to have it ready for him on his arrival at the distillery on the day agreed upon; that he was on his way to the distillery to complete his agreement, when he was arrested, and that he intended to re-sell the whiskey at $8.00 per gallon. In my opinion this is sufficient to support the verdict of the jury. See Backun v. United States, 4 Cir., 112 F.2d 635. Cf. Hays v. United States, 5 Cir., 123 F.2d 53; Jordan v. United States, 5 Cir., 120 F.2d 65.

In the case of Collins v. United States, 5 Cir., 65 F.2d 545, 547, police officers were convicted as principals in the unlawful transportation of liquor. The Court said: "It is true there was no evidence whatever to show that either Collins or Brewer was actively engaged in the shipments of two carloads of liquor, and they denied any participation. * * * where the officer beforehand actively participates in the arrangements for committing a crime and promises protection to others in its commission, * * * it cannot be said that he did not aid and abet its commission."

■ It is not only the person or persons who carry on the actual work of manufacturing distilled spirits, but all persons having an interest in the business of distilling, or directly aiding the production of spirits for their use or benefit, who are considered distillers under the law, and are subject to

and amenable to its provisions. United States v. Howard, 26 Fed.Cas. page 384, 385, No. 15,400.

The jury could also have concluded from the evidence that the defendant Waters agreed and conspired with the distillers to make the whiskey for him. If the evidence would support a conspiracy count, it is enough to support a substantive charge of aiding and abetting the commission of the offense. Cf. Robinson v. United States, 5 Cir., 94 F.2d 752. Furthermore, if the jury disbelieved the statement of the defendant Waters they could have concluded that he was supplying containers for the manufactured spirits. The business of a distillery cannot be carried on without containers, and if he were supplying containers for the manufactured product, he was aiding and abetting the carrying on of the unlawful enterprise. Vukich v. United States, 9 Cir., 28 F.2d 666; cf. Barton v. United States, 4 Cir., 267 F. 174.

For the foregoing reasons, it is my opinion that the motion of the defendant Waters for a new trial should be, and is overruled.