## UNITED STATES v. MEMOLO.

### Cr. No. 11310.

District Court, M. D. Pennsylvania.

July 18, 1947.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., Max B. Goldschein, Sp. Asst. to Atty. Gen., Thomas J. Curtain, Asst. U. S. Atty., of Philadelphia, Pa., and Spurgeon Avakian and Walter Campbell, Sp. Assts. to Atty. Gen., for plaintiff.

Robert T. McCracken, of Philadelphia, Pa., and Stanley F. Coar and John Memolo, both of Scranton, Pa., for defendant.

KIRKPATRICK, District Judge.

The defendant was convicted of wilfully attempting to evade and defeat his individual income taxes. He now moves for a new trial on the ground of after discovered evidence. The history of the case and the various steps which have kept it before the courts for more than two years have no part in the disposition of this motion and need not be recounted.

The indictment was based upon unreported professional income amounting to approximately $45,000 in 1938 and $57,000 in 1939. As one part of its case, the government proved that the defendant failed to report a large amount of money which came into his hands through two channels, namely, Maloney and Crolly, who were respectively the accountant and the special master in a receivership in which he

was of counsel for the receivers. The defendant admitted that he received the money and that he had retained it. He explained his failure to report it, by testifying that it belonged to one, Greenes, that he received it for Greenes and that he retained the greater part of it in order to square an account with Greenes in which Greenes owed him $34,000 as a result of a series of loans made over a period of some three years. Greenes, on the stand, denied that he had borrowed any money from the defendant and the defendant, as he now says, had been unable to find among his files any records or other documentary evidence to substantiate his story that Greenes was indebted to him. The newly discovered evidence consists of ledger sheets, envelopes bearing notations and a typewritten statement of items, all of which appear to represent advances by the defendant to Greenes. The defendant's failure to produce any records was strongly pressed by the District Attorney and was the subject of much adverse comment by the trial judge.

If the government's case, as to both years involved had been built upon the unreported income arising from the Maloney and Crolly checks and nothing else, there might be some ground for the defendant's contention that he has met the burden of showing that the after discovered evidence is more than merely cumulative or corroborative and that, had it been available at the trial it might have caused the jury to have reached a verdict of acquittal.

However, entirely apart from the money derived from the Maloney and Crolly checks, the defendant admittedly received, in 1938, payments of $41,000 from the Bethlehem Steel Co. (the purchaser of the receivership assets) and fees from various clients amounting to $16,532.22; and in 1939, payments from the Bethlehem Steel Co. of $40,084.99 and fees from clients amounting to $14,592.16. He reported professional income of approximately $42,000 in 1938 and $20,000 in 1939. Thus, assuming that his fees other than the Bethlehem payments were included in amounts which he did report, there was an unreported deficiency of, roughly, $50,000 out of the $81,000 paid to him by Bethlehem. The defendant's explanation of his failure to report these items was that he was holding the money pending arrangements as to its division between himself and Mr. Decker who had acted with him as counsel for the receivers and that, until the division was actually made, he did not think he was required by the law to report, as income, any part of it. He was a lawyer of over 35 years experience, licensed to practice before the Treasury Department for nearly 20 years and the best that the defendant's counsel, in his brief on appeal, could say about the defendant's explanation of this part of the deficiency was that it "is not so impossible as it appears in the mere statement of the same."

The defendant further testified that, after he had had the money in his possession between a year and two years, an agreement was reached, whereupon (in 1940 or 1941) he paid $30,000 of it in cash to Decker, a fact which, admittedly, he did not disclose to the agents (who began to investigate his tax returns as early as 1941) until after Mr. Decker's death, which occurred in 1943. Of this alleged transaction he admitted that no record of any kind was ever made and no receipt or release taken. It is not contended by the defendant that the loans to Greenes had anything to do with the part of the deficiency just referred to and his newly discovered evidence has no bearing whatever upon it.

■ In order to justify the granting of a new trial upon newly discovered evidence, the evidence must be, among other things, "so material that it would probably produce a different verdict, if the new trial were granted." United States v. Johnson, 7 Cir., 142 F.2d 588, 592. Whether it would have such effect must be determined upon consideration of the government's case as a whole and where, as in the present case, there is evidence the force of which could not be in the slightest degree affected by the newly discovered evidence, sufficient and more than sufficient to support the verdict, a new trial should not be granted.

■ The general considerations which should govern the Court in a motion for a new trial, addressed to the sound discre-

tion of the Court, on whatever grounds based, have been stated by Mr. Justice Stoney in McLanahan v. Universal Insurance Co., 1 Pet. 170, 182, 26 U.S. 170, 182, 7 L.Ed. 98, as follows: "In such cases, the whole evidence is examined with minute care, and the inferences which a jury might properly draw from it, are adopted by the court itself. If, therefore, upon the whole case, justice has been done between the parties, and the verdict is substantially right, no new trial will be granted, although there may have been some mistake committed at the trial. The reason is, that the application is not matter of absolute right in the party, but rests in the judgment of the court, and is to be granted only when it is in furtherance of substantial justice."

The motion is denied.