## UNITED STATES v. LENTO et al.
### Criminal Action No. 14417.

District Court, E. D. Pennsylvania.
June 11, 1948.

Walter A. Gay, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff.

W. R. Lorry and Freedman, Landy & Lorry, all of Philadelphia, Pa., for defendant Randozzi.

McGRANERY, District Judge.

Defendant Katherine Randozzi was convicted by a jury on four counts of an indictment charging transportation of stolen motor vehicles in interstate commerce. Defendants Domenick Lento and Michael Louis Maggio pleaded guilty to the same counts. Count II dealt with a Ford Sedan which was transported from Philadelphia to Atlantic City. The evidence disclosed that defendant, together with her two co-defendants, proceeded to Atlantic City as a passenger with one of the co-defendants in another automobile while the other co-defendant drove the Ford Sedan in question. Just outside of Atlantic City the Ford Sedan suffered a flat tire, and it was left on the side of the road while all three defendants proceeded to Atlantic City in the other car. Later the two men retrieved the Ford Sedan and sold it. Counts III, IV, and V dealt with three other automobiles which were taken from Philadelphia to Baltimore. The evidence disclosed that

defendant left Philadelphia about midnight as the driver of one of a caravan of three cars proceeding to Baltimore. The next day, all three cars were sold within a few hours. Defendant was present at each sale and there was testimony that she acted as the wife of each of the two co-defendants who took turns selling the cars under assumed names. The chief issue for the jury was whether defendant had knowledge that the automobiles were stolen. The jury returned a verdict of guilty with a recommendation for leniency.

Defendant has filed motions for judgment of acquittal and for a new trial. The former motion is pressed with regard to Counts II, III and V, which dealt with the automobiles described above which defendant did not actually drive across a state line. Defendant's contention is that there is insufficient evidence to support a conviction for transportation of the vehicles involved. However, I feel that the evidence justifies a conclusion that defendant aided and abetted her co-defendants in the transportation of the stolen cars across state lines. Cf. Backun v. United States, 4 Cir., 112 F.2d 635; United States v. Harrison, 3 Cir., 121 F.2d 930; United States v. Di Re, 2 Cir., 159 F.2d 818; United States v. Pecoraro, 2 Cir., 115 F.2d 245; See Direct Sales Co. v. United States, 319 U.S. 703, 713, 63 S.Ct. 1265, 87 L.Ed. 1674. Accordingly, therefore, under 18 U.S.C.A. § 550 it was proper to indict, try, and convict her as a principal. Cf. United States v. Pritchard, D.C., 55 F. Supp. 201; United States v. Rappy, 2 Cir., 157 F.2d 964.

In support of her motion for a new trial defendant contends that one government witness perjured himself, that another testified incorrectly, that the government was aware of the inaccuracies in the testimony of both, that there is additional evidence justifying a new trial, and that the court erred in its charge and its comments and questioning throughout the trial. An examination of the Notes of Testimony and the affidavits and additional evidence submitted by defendant discloses no perjury and no suppression of evidence on the part of the government. Larry Profeto, when asked at the trial whether the two male defendants were in the used car business, replied "Not that I know of." When asked whether Lento operated a garage, he replied "No. Only my own, that I had as a private garage and I will show you a lease from Greenfield's." He further stated that his garage was not really used for a repair business, but only for his own use. Defendant contends that Profeto knew that he and Lento had rented the garage for handling, repairing and servicing automobiles, that they had sesured telephone service for that purpose and were listed in the directories as "Larry and Hank's Auto Repair, 1330 Wharton." In support of this contention defendant submits an affidavit by Lento, one by Profeto, and a letter from the telephone company. All of this clearly fails to indicate perjury by Profeto. Were he to recant his testimony, the result might be different, of course. But even a cursory reading of Profeto's affidavit discloses that it very carefully fails to contradict his assertion at trial that neither he nor Lento was in the used car or garage business. The affidavit and the other evidence, at most, indicate that two garages were rented as a shop for auto repairs, with permission to remove the partition wall between the garages, that a business phone was installed under the name of "Larry and Hank's Auto Repairs" and that the name "Hank" referred to Lento. Profeto testified that as far as he knew no business was actually conducted there. Nothing submitted now to me would indicate that he was perjuring himself.

Lento's affidavit asserts, as well, that he had secured dealers' licenses and license plates from the Commonwealth of Pennsylvania, that when some of these plates were lost he reported it to the Police Department, and that he later received additional sets of dealers' license plates. It also states that a member of the Pennsylvania State Police investigated the place of business at 1330 Wharton Street in connection with the application for dealers' automobile license, that a favorable recommendation was made and the license is-

sued, and that F.B.I. agents in June, 1947, took possession of the dealers' licenses belonging to Lento. Two letters submitted along with the affidavit support the assertion that Lento applied for a re-issue of dealers' tags and that he was issued plates by the Bureau of Motor Vehicles of the Commonwealth. Since there is no allegation that Profeto knew about this information it has no bearing, of course, upon the issue of his alleged perjury. Even if Profeto did know about the licenses, as he did the business phone, it would not indicate perjury in his conclusion under oath that he knew of no business actually conducted at the address.

■■ At the trial, an F.B.I agent testified that the government's investigation showed that the two male defendants were not in the used car business, that they had no garage and no license, that he thought that a used car dealer had to have some kind of license but couldn't testify as to whether they are supposed to have a license from the State. Defendant contends, of course, that the agent's conclusions that her codefendants were not in the used car business and did not have a garage for business are incorrect. Even if they were, which is highly improbable when the other evidence in the case is examined, that would not, of itself, be a basis for a new trial. However, defendant also contends that the agent's testimony that defendants had no license was incorrect, that the government "then knew that defendant Lento had had such license which had been seized prior to trial," and that the government deliberately suppressed this evidence. After a careful reading of the record, I do not feel that this accusation is warranted. There is no charge of perjury levelled at the witness, and there was confusion at the trial over what sort of license was being referred to. Upon this record, I cannot say that the government acted improperly and suppressed evidence.

■ However, defendant also urges that even if the evidence was not suppressed, nevertheless it is newly discovered and, as such, justifies a new trial. While this argument deserves careful scrutiny I feel that the motion should be denied. All of the evidence now presented could have been discovered by examination of accessible records by counsel for defendant. Cf. Green, Moore & Co., Inc., v. United States, 5 Cir., 19 F.2d 130. In addition, while the evidence is relevant to what was the crucial issue in the case—Katherine Randozzi's guilty knowledge—its admission clearly would not probably produce a different result. United States v. Blumberg, D.C., 273 F.617; United States v. Memolo, D.C. E.D.Pa. 1947, 72 F.Supp. 747; see United States v. Johnson, 327 U.S. 106, 110, 66 S.Ct. 464, 90 L.Ed. 562. The "newly discovered" evidence would show at most that there was a business phone at 1330 Wharton Street and that Lento had dealers' tags and licenses. In the face of the overwhelming evidence that there actually was no business conducted at the premises, that defendant accompanied her co-defendants on a trip to Harrisburg at which they received fake titles, that in the dead of night she drove in a caravan of cars down to Baltimore, that she assisted her co-defendants in selling cars by allowing them to pass her off as the wife of one of them, I do not think that the existence of a business phone or dealers' tags would lead to a different result on the issue of defendant's guilty knowledge or her guilt or innocence. Accordingly, therefore, defendant's motion on this ground is denied. Defendant's remaining contentions regarding prejudicial error in the charge and in comments do not, I feel, require similar detailed discussion. After examining them, I cannot agree that prejudicial error was committed. Therefore, an order will be entered in accordance with this opinion denying defendant's motions for a new trial and for judgment of acquittal.