**UNITED STATES of America,
Appellee,**

v.

**Theodore KITTELT, Appellant.**

**No. 10380.**

United States Court of Appeals
Fourth Circuit.

Argued June 21, 1966.

Decided June 27, 1966.

Alan J. Karlin, Baltimore, Md. (Marvin Mandel, Baltimore, Md., on brief), for appellant.

Paul R. Kramer, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and LEWIS, District Judge.

PER CURIAM.

Appellant was convicted on two counts of an indictment charging him with passing counterfeit Federal Reserve notes. The receiver of the notes testified that the defendant arranged with him to deliver the counterfeit money through an unidentified third person, and that at the appointed times and places a person appeared and delivered the counterfeit notes precisely in accordance with the prearranged plan.

The defendant does not challenge the general fairness of the trial or of the charge. His only complaint is that the judge should not have told the jury that

> "whatever a person is legally capable of doing himself can be done through another as an agent. Hence, if the acts of an employee or other agent are wilfully ordered or directed, or wilfully authorized or consented to by the accused, the law holds the accused responsible for such acts as though personally committed by the accused."

The objection made is that the word "agent" had not been mentioned during the trial, and that therefore it was error to introduce the concept of agency in the charge to the jury. Since it is conceded that the circumstances testified to, if believed by the jury, would permit an inference of agency, the contention is insubstantial. We find the charge unexceptionable. Waters v. United States, 145 F.2d 240 (4th Cir.), affirming sub nom. United States v. Pritchard, 55 F. Supp. 201, 203–204 (W.D.S.C.1944).

The judgment is

Affirmed.