THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Darrell R.
 Efird, Appellant.
 
 
 

Appeal From York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2009-UP-248
Submitted May 1, 2009  Filed May 28, 2009

AFFIRMED

 
 
 
 Tricia A. Blanchette, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Kevin
 S. Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Darrell R. Efird appeals his conviction
 and sentence for assault and battery of a
 high and aggravated nature as a lesser included offense of attempted
 first-degree criminal sexual conduct (CSC),
 arguing the trial court erred in denying his motion for a directed verdict on
 the attempted first-degree CSC charge because there was no proof he used
 aggravated force.  South Carolina Code
 Section 16-3-652 (2003) provides: 

 (1) A person is guilty of
 criminal sexual conduct in the first degree if the actor engages in sexual
 battery with the victim and if any one or more of the following circumstances
 are proven:
 (a)
 The actor uses aggravated force to accomplish sexual battery.

For first-degree CSC, " '[a]ggravated force'
 means that the actor uses physical force or physical violence of a high and
 aggravated nature to overcome the victim or includes the threat of the use of a
 deadly weapon."  S.C. Code Ann. § 16-3-651 (2003).  While the State must
 show a defendant actually used aggravated force to overcome a victim for
 first-degree CSC, in the instant case, Efird was charged with attempted
 first-degree CSC.  "Attempt crimes are generally ones of specific intent
 such that the act constituting the attempt must be done with the intent to
 commit that particular crime."  State v. Nesbitt, 346 S.C. 226, 231,
 550 S.E.2d 864, 866 (Ct. App. 2001).  "In the context of an 'attempt'
 crime, specific intent means that the defendant consciously intended the
 completion of acts comprising the choate offense.  In other words, the
 completion of such acts is the defendant's purpose."  State v. Sutton,
 340 S.C. 393, 397, 532 S.E.2d 283, 285 (2000) (citations omitted).  In addition
 to proof of intent, the State must show the defendant effectuated "some
 overt act, beyond mere preparation, in furtherance of the intent, and there
 must be an actual or present ability to complete the crime."  Nesbitt,
 346 S.C. at 231, 550 S.E.2d at 866.  "[P]reparation consists in devising
 or arranging the means or measures necessary for the commission of the crime;
 the attempt or overt act is the direct movement toward the commission."  State
 v. Quick, 199 S.C. 256, 260, 19 S.E.2d 101, 103 (1942).  At trial, the
 State presented evidence showing Efird was attempting to have sex with the victim,
 and after she refused, Efird physically grabbed her as she tried to fight him
 off.  Further, the victim testified Efird only stopped because someone pulled a
 car into the driveway of the house.  Therefore, the State presented evidence
 supporting a conclusion: (1) Efird had the specific intent to use physical
 force to overcome the victim in order to accomplish a sexual battery, and (2) Efird
 performed an overt act towards the commission of the crime.  Accordingly, we
 must affirm the trial courts denial of Efird's motion for a directed verdict.  State v. McCombs, 368 S.C. 489,
 493, 629 S.E.2d 361, 363 (2006) (stating if any direct evidence or substantial
 circumstantial evidence reasonably tends to prove the guilt of the accused, we
 must find the case was properly submitted to the jury).  
AFFIRMED.[1]
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur. 

[1]  We decide this case without oral argument pursuant
to Rule 215, SCACR.