(194 P.3d 52)
bNo. 98,218

STATE OF KANSAS, *Appellee,* v. JOHN RISINGER, *Appellant.*

Opinion filed October 24, 2008.

*Charles A. O'Hara,* of O'Hara & O'Hara, of Wichita, for appellant.

*Matt J. Maloney,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before HILL, P.J., ELLIOTT and MCANANY, JJ.

HILL, J.: To be convicted of an attempt to commit a crime, a defendant must intentionally take a first step towards committing

that crime. Our courts call that step "performing an overt act." In this appeal of his conviction for attempted indecent liberties with a child, John Risinger contends the State did not present enough evidence to prove he performed an overt act toward committing that crime. After our review of the record on appeal, we find three facts, when considered together, convincing. First, Risinger engaged in more than 15 conversations about sexual relations online with an undercover policewoman who pretended to be 14 years old. Next, with the avowed purposes of "making out, feeling around, or having oral sex," Risinger set up a face-to-face meeting with her. Finally, Risinger drove to her house and knocked on her door. We hold there was sufficient evidence presented for a rational factfinder to find Risinger guilty beyond a reasonable doubt. We affirm.

*The background facts of the case are clear.*

This case was tried to the court. The State presented evidence that Risinger had engaged in a series of online conversations with Detective Jennifer Wright, who had identified herself to Risinger as a 14-year-old young woman named "Lexi." In their last online conversation on February 3, 2006, Risinger agreed to meet with Lexi at her house to "make out, feel around, and/or have oral sex." Risinger then drove to the house, got out of the car, and knocked on the door. While knocking on the door, Risinger was arrested.

Risinger presented evidence to show that he did not intend to commit a sexual act with "Lexi." First, Risinger referred to his interview with the detective in which he later asserted that he chatted with adult women online before but did not engage in sexual activity when he met them. Second, Risinger provided his psychological evaluation report written by Dr. Jeff Lane. In that report, Lane says that Risinger suffers from poor impulse control and low self-esteem. But, Lane thinks Risinger's strong sense of morality and religious background and training had kept him from acting out sexually when he met other women on the internet and later met them in person. He claims it would have been the same here. The district court was not convinced.

Seeking reversal, Risinger claims the evidence was insufficient to prove the attempt element of his conviction. First, he argues that his actions, such as knocking on the door of "Lexi's" house, did not make up an overt act. Second, Risinger points to the character evidence that he presented during his bench trial and asserts this evidence shows he never had the intent to commit the crime of indecent liberties with a child.

*We list our standard of review.*

"When the sufficiency of the evidence is reviewed in a criminal case, this court must consider all of the evidence, viewed in a light most favorable to the prosecution, and determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [Citation omitted.]" *State v. Parker*, 282 Kan. 584, 597, 147 P.3d 115 (2006).

*We review Kansas law on overt acts.*

Under Kansas law, an overt act is determined in context. There is no statutory definition. Thus, " '[e]ach case is dependent on its particular facts and the reasonable inferences the jury may draw from those facts.' [Citation omitted.]" *State v. Stevens*, 285 Kan. 307, 172 P.3d 570 (2007). Nevertheless, PIK Crim. 3d 55.01 indicates that "[a]n overt act necessarily must extend beyond mere preparations made by the accused and must sufficiently approach consummation of the offense to stand either as the first or subsequent step in a direct movement toward the completed offense." See *State v. Peterman*, 280 Kan. 56, Syl. ¶ 2, 118 P.3d 1267 (2005).

Here, Risinger maintains his actions amounted to mere preparation but not an overt act toward committing the crime of indecent liberties with a child. "Mere preparations" in prior cases include "devising or arranging the means or measures necessary" for committing the offense. See *Peterman*, 280 Kan. at 61.

In *Peterman*, the defendant was in a club conversing with Donna Davis about making money from child pornography. Davis, intending to see if the defendant was serious, asserted that she could provide the defendant with young girls and gave him her pager number for a later contact. Two weeks later, the defendant paged

Davis to see if she had any young girls that he could have sex with and photograph that night. Davis lied and said yes, described her 9-year-old niece, and then called the police about the matter. Davis then provided the defendant with the location of her brother's apartment.

The defendant arrived about 20 minutes later. Davis joined the defendant in his truck and conversed with him until the police arrived. In this conversation, the defendant told Davis that he wanted to drug the little girl, penetrate her vagina with a vibrator, and have sex with her. The defendant also showed Davis his briefcase which contained dildos, vibrators, sex creams, condoms, and photographs of naked little girls. He also told Davis that he had sex with those girls in the photographs.

When the police arrived, they arrested the defendant and discovered all the items he had shown Davis. The defendant was convicted of attempted rape, solicitation to commit rape, and solicitation to commit sexual exploitation of a child. In his appeal, the Court of Appeals upheld the latter convictions but reversed his conviction for attempted rape. The State filed a petition for review, which the Supreme Court granted.

In reversing the Court of Appeals' finding and reinstating the defendant's conviction for attempted rape, the Supreme Court held that "Peterman's act of driving to meet Davis to pick up a child for the purpose of sexual intercourse constituted an overt act beyond mere preparations. Peterman went as far as he could toward completing his criminal intentions prior to discovering that the child victim was fictional." 280 Kan. at 64.

Similarly, the evidence here shows that Risinger went as far as he could toward completing the crime of indecent liberties with a child before discovering the child victim was fictitious. Risinger engaged in over 15 online conversations with "Lexi" spanning the period from January 14, 2006, to February 3, 2006. But, leaving his keyboard behind, Risinger arose and took action. He left his residence with the purpose of making out, feeling around, and/or having oral sex. Risinger arranged a meeting with "Lexi," drove to her location, approached what he thought was her house, and knocked on the door. Risinger's conduct was not mere preparation

but was essential steps in completing the crime. Thus, his conduct satisfies the requirement for an overt act, to prove an attempted crime. There is sufficient evidence on this point.

*We also think there was sufficient evidence to prove Risinger intended to commit the crime of indecent liberties with a child.*

To be convicted of an attempted crime a defendant must intend to commit the crime attempted. See *Peterman*, 280 Kan. at 60. The underlying crime in this matter is indecent liberties with a child. K.S.A. 21-3503(a) defines indecent liberties with a child as engaging in any lewd fondling or touching of a child who is 14 or more years old but less than 16 years old.

Here, Risinger's last online conversation with "Lexi," occurring on the day of his arrest, shows Risinger's intent to engage in lewd fondling or touching of a 14-year-old child. We give some excerpts:

"[Risinger]: but surely you know what things we could do . . . you know what there is to do . . . and surely you have thoughts on what u'd like to try . . . I'd be glad to do anything.
"[Lexi]: hummm well like wut? I will tell yea if im kewl wit it.
"[Risinger]: tell me . . . I've done everything . . . u are the one I want to please . . . do what u want . . . so tell me what u want.
. . . .
"[Risinger]: well, there is making out, which you've done . . . there is feelling [*sic*] around. you feeling me and playing with me, me feeling around on you. there is oral sex.
. . . .
"[Risinger]: so, what would u like to do when I come over? Surely you have something u want to try . . . you have made out . . . what else would you like to try? tell me.
. . . .
"[Risinger]: like I said, I won't make u do anything u don't want to do . . . I don't want to have sex . . . we shouldn't do that.
. . . .
"[Risinger]: but . . . let's talk about what we could do . . . so either of us won't be surprised . . . I'll mention things . . . tell me if you want to do them."

We need not elaborate on this. Risinger's own words betray his intent. Nevertheless, Risinger asks us to find his character evidence more credible than the State's evidence. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence,

pass on the credibility of witnesses, or resolve conflicts in the evidence. *State v. Hayden*, 281 Kan. 112, 132, 130 P.3d 24 (2006).

The evidence presented at this trial is enough for a rational factfinder to find Risinger guilty beyond a reasonable doubt.

Affirmed.