713 S.E.2d 274

**The STATE, Respondent,**

v.

**Jamey Allen REID, Petitioner.**

No. 27004.

Supreme Court of South Carolina.

Heard April 19, 2011.

Decided July 11, 2011.

326

Appellate Defender Kathrine H. Hudgins, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, and Assistant Attorney General William M. Blitch, Jr., all of Columbia, and Solicitor Christina Theos Adams, of Anderson, for Respondent.

Justice KITTREDGE.

In *State v. Reid*, 383 S.C. 285, 679 S.E.2d 194 (Ct.App.2009), the court of appeals affirmed Petitioner Jamey Allen Reid's convictions for attempted second-degree criminal sexual conduct (CSC) with a minor and criminal solicitation of a minor. We granted a writ of certiorari to review the court of appeals' analysis and disposition of Petitioner's conviction and sentence for attempted second-degree CSC with a minor. The single issue before us is whether the court of appeals erred in upholding the trial court's denial of Petitioner's directed verdict motion. We affirm.

**I.**

The underlying facts are detailed in the court of appeals' excellent opinion. In essence, Petitioner entered an Internet chat room (under the screen name "Fine_Ass_Seminoles_Fan") believing he was chatting with a fourteen-year-old female. The supposed minor was, in fact, Westminster Police Officer Mark Patterson. Officer Patterson used the screen name "Skatergurl." Petitioner quickly turned the conversation to one of a sexual nature, as he desired a sexual encounter with Skatergurl. Skatergurl asked, "You don't care I am 14?" to which Petitioner responded, "No." Petitioner suggested a meeting place and time, specifically the parking lot of the

Westminster Middle School between 2:00 and 2:15 a.m. Skatergurl agreed. Petitioner's stated intention was to take Skatergurl to his apartment.

Officer Patterson and a fellow officer traveled to the Westminster Middle School parking lot. At approximately 2:30 a.m., Petitioner arrived in the parking lot, driving his vehicle. The officers stopped Petitioner and arrested him.

Petitioner was indicted and tried for attempted second-degree CSC with a minor and criminal solicitation of a minor. At the close of the State's case, Petitioner moved for a directed verdict in connection with the attempted CSC charge, arguing that the State had failed to present evidence of an overt act as required by the attempted CSC charge. Because the trial court held there was sufficient evidence presented to create a jury question, the directed verdict motion was denied. The jury convicted Petitioner on both charges, and he was sentenced. Petitioner appealed the attempted CSC conviction, which was affirmed by the court of appeals in a scholarly opinion.

## II.

We granted a writ of certiorari to determine whether Petitioner's traveling to a predetermined location constituted sufficient evidence of an overt act, which is an essential element in establishing an "attempt" to commit the underlying crime. Petitioner contends the evidence, as a matter of law, was insufficient on the question of specific intent and further rose only to the level of "mere preparation," entitling him to a directed verdict of acquittal on the attempted CSC charge. Under the facts of this case, we agree with the court of appeals that because a jury question was presented, the directed verdict motion was properly denied.[1]

██ Turning to the substance of Petitioner's argument, South Carolina law provides that "[a] person is guilty of criminal sexual conduct with a minor in the second degree if ... the actor engages in sexual battery with a victim who is

---

1. The court of appeals' opinion correctly sets forth the proper standard of review when considering a challenge to a trial court's denial of a directed verdict motion. *Reid*, 383 S.C. at 292, 679 S.E.2d at 197.

fourteen years of age or less but who is at least eleven years of age." S.C.Code Ann. § 16–3–655(B)(1) (Supp.2010). A person guilty of attempt is punishable as if he had committed the underlying offense. *State v. Sutton,* 340 S.C. 393, 396 n. 3, 532 S.E.2d 283, 285 n. 3 (2000). To prove attempt, the State must prove that the defendant had the *specific intent* to commit the underlying offense, along with some *overt act,* beyond mere preparation, in furtherance of the intent. *State v. Nesbitt,* 346 S.C. 226, 231, 550 S.E.2d 864, 866 (Ct.App. 2001).

## A.

▉▉▉▉ In the context of an attempt crime, specific intent means the defendant intended to complete the acts comprising the underlying offense. *Sutton,* 340 S.C. at 397, 532 S.E.2d at 285 ("In the context of an attempt crime, specific intent means that the defendant consciously intended the completion of acts comprising the choate offense."). The evidence here presented a jury question on the element of specific intent. As detailed by the court of appeals, Petitioner clearly indicated his desire to have a sexual encounter with Skatergurl, whom he believed to be fourteen years old.

## B.

Beyond the evidence of specific intent, we find that Petitioner's actions also presented a jury question as to whether he committed an overt act in furtherance of the underlying crime. To prove attempt, the State must prove that the defendant committed an overt act, beyond mere preparation, in furtherance of the intent to commit the crime. *Nesbitt,* 346 S.C. at 231, 550 S.E.2d at 866 (citing *State v. Evans,* 216 S.C. 328, 57 S.E.2d 756 (1950); *State v. Quick,* 199 S.C. 256, 19 S.E.2d 101 (1942)); *see also State v. Rallo,* 304 S.C. 258, 269, 403 S.E.2d 653, 659 (1991) (Toal, J., dissenting) ("In order to constitute an attempt to commit a crime, it is essential that, coupled with the intent to commit the offense, there be some overt act, beyond mere preparation, in furtherance of the intent. . . .").

In *Quick,* this Court stated,

No definite rule as to what constitutes an overt act can safely be laid down in cases of this kind. Each case must depend largely upon its particular facts and the inferences

which the jury may reasonably draw therefrom, subject to general principles applied as nearly as can be, with a view to working substantial justice.

It is well settled that the "act" is to be liberally construed, and in numerous cases it is said to be sufficient that the act go far enough toward accomplishment of the crime to amount to the commencement of its consummation. While the efficiency of a particular act depends on the facts of the particular case, the act must always amount to more than mere preparation, and move directly toward the commission of the crime. In any event, it would seem, the act need not be the last proximate step leading to the consummation of the offense.

199 S.C. at 259, 19 S.E.2d at 102.[2] The Court further stated, "The preparation consists of devising or arranging the means or measures necessary for the commission of the crime; the attempt or overt act is the direct movement toward the commission, after the preparations are made." *Id.* at 260, 19 S.E.2d at 103.[3]

■ We agree with the court of appeals that the *Quick* framework remains viable in the emerging area of Internet sex crimes. While we have not previously had occasion to address the mere preparation—overt act distinction in the context of an alleged attempted sex crime stemming from use of the Internet, the court of appeals canvassed the law from other jurisdictions. The majority of jurisdictions that have confronted this issue have concluded that an agreement to meet a fictitious minor at a designated place and time, coupled with traveling to that location, may constitute evidence of an overt act.[4] We agree with the majority approach and hold that an agreement to meet a fictitious minor at a designated

---

**2.** *Quick* did not involve an attempt crime, but its analysis of the mere preparation-overt act distinction has been applied in the attempt context. *See Nesbitt,* 346 S.C. at 231, 550 S.E.2d at 866–67.

**3.** In *Nesbitt,* the court of appeals considered the overt act requirement in the armed robbery context and adopted this language from *Quick.* The court of appeals held that approaching a convenience store masked and armed constituted an overt act for purposes of attempt. *Nesbitt,* 346 S.C. at 235, 550 S.E.2d at 868.

**4.** These jurisdictions employ various tests—primarily the substantial step test—to determine whether the defendant has moved beyond mere

place and time, coupled with traveling to that location, may constitute evidence of an overt act, beyond mere preparation, in furtherance of the crime. We do not, however, create a categorical rule.

Given Petitioner's express desire for a sexual encounter with a fourteen-year-old minor, coupled with his designation of

preparation. *See United States v. Farner,* 251 F.3d 510 (5th Cir.2001) (defendant took substantial step toward committing crime by arranging and traveling to meet fictitious minor); *Kirwan v. State,* 351 Ark. 603, 96 S.W.3d 724 (2003) (defendant's arranging to meet fictitious minor for sexual relations and traveling constituted substantial step); *People v. Reed,* 53 Cal.App.4th 389, 61 Cal.Rptr.2d 658 (1996) (arranging and traveling moved beyond mere preparation); *State v. Sorabella,* 277 Conn. 155, 891 A.2d 897 (2006) (finding traveling to a prearranged location to have sexual relations with someone one thinks is an under-age minor constitutes a substantial step); *State v. Nero,* 122 Conn.App. 763, 1 A.3d 184 (2010) (driving to arranged meeting place constituted substantial step); *State v. Glass,* 139 Idaho 815, 87 P.3d 302 (Idaho Ct.App.2003) (arranging a meeting place and time for the purpose of sexual activity with a purported minor and arriving with condoms sufficient for overt act); *People v. Patterson,* 314 Ill.App.3d 962, 248 Ill.Dec. 534, 734 N.E.2d 462, 470 (2000) (arranging to travel for sexual relations with decoy minor, combined with actual traveling to agreed-upon place constituted substantial step; "defendant had taken every possible step he could have taken in order to commit the offense"); *State v. Peterman,* 280 Kan. 56, 118 P.3d 1267, 1273 (2005) ("[Defendant's] act of driving . . . to pick up a child for the purpose of sexual intercourse constituted an overt act beyond mere preparations. [Defendant] went as far as he could toward completing his criminal intentions prior to discovering that the child victim was fictional."); *State v. Risinger,* 40 Kan.App.2d 596, 194 P.3d 52 (2008) (engaging in online conversations with fictitious child victim, arranging a meeting, driving to agreed-upon location, and knocking on door sufficient for overt act); *Commonwealth v. Bell,* 67 Mass.App.Ct. 266, 853 N.E.2d 563 (2006) (finding sufficient evidence of overt act where defendant agreed to pay undercover officer $200 to permit him to engage in sexual relations with five-year-old child, made arrangements to meet undercover officer, and traveled to meeting place); *State v. Tarbay,* 157 Ohio App.3d 261, 810 N.E.2d 979 (2004) (defendant's arranging to meet fifteen-year-old to engage in sexual relations and traveling to meeting place constitutes a substantial step); *Cook v. State,* 256 S.W.3d 846 (Tex.App.2008) (defendant's discussing sex online with fictitious child, arranging to meet, traveling to agreed-upon location with underwear, toiletries, camera, pocketknife, candle, condoms, and lubricant constituted attempt); *State v. Townsend,* 147 Wash.2d 666, 57 P.3d 255 (2002) (en banc) (defendant's engaging in graphic sexual discussions with fictitious minor, arranging to meet, and traveling to meet constituted sufficient evidence of a substantial step). Our overt act jurisprudence is in line with the "substantial step" test.

a vacant parking lot in the middle of the night as the clandestine meeting place—and his travel to that place—we concur with the court of appeals that a jury question was presented on whether Petitioner had the specific intent to commit CSC with a minor and whether his conduct constituted an overt act.

**AFFIRMED.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.