**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Patrick O'Neil McGowan, Appellant.

Appellate Case No. 2016-001220

───────────

Appeal From Laurens County
Donald B. Hocker, Circuit Court Judge

───────────

Opinion No. 5719
Heard March 17, 2020 – Filed April 22, 2020

───────────

**AFFIRMED IN PART AND REVERSED IN PART**

───────────

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor David Matthew Stumbo,
of Greenwood, all for Respondent.

───────────

**GEATHERS, J.:** Appellant Patrick O'Neil McGowan seeks reversal of his
convictions for four counts of first degree assault and battery. Appellant argues the
circuit court erred by failing to direct a verdict on the indictment referencing a child
victim because there was no evidence showing Appellant's knowledge of the child's
presence inside the home into which Appellant fired gunshots. Appellant also argues

the circuit court erred by declining to instruct the jury that the State was required to prove specific intent as to each victim. We affirm in part and reverse in part.[1]

## FACTS/PROCEDURAL HISTORY

On March 31, 2012, John Glenn and his wife, Sarah Irby, hosted a birthday party for their four-year-old granddaughter (Child) at their mobile home on Boyd Road in Laurens. In the early evening, after the birthday party concluded, the couple hosted a cookout for friends and neighbors. Appellant, who was related to one of the neighbors, attended the cookout and started arguing with Glenn. At this time, Irby and Child were inside the home. As soon as Irby heard the argument, she went outside and brought Glenn back inside with her. On his way into the home, Glenn asked Appellant to leave the premises.

Irby's daughter, Tiffany Garrett, who had been acquainted with Appellant and saw him at the cookout, testified that she was standing by the porch of the home when she saw Glenn and Appellant arguing. She also stated that when Glenn subsequently went inside the home, Appellant, who was angry and appeared intoxicated, started walking toward the road and shooting a gun. At that time, she thought that Appellant was shooting into the air. However, bullets flew into Glenn's home, which was below street level.

One bullet went into the bathroom where Irby was at the time. Another bullet went into the bedroom used by Child and Garrett, who were both living with Glenn and Irby. Child was asleep in the bedroom at that time. A third bullet went through the living room wall, flew past Glenn, and shattered a television screen. Irby ran outside and saw Appellant, who was carrying a gun, fleeing the premises. Garrett later identified Appellant from a photographic lineup.

On August 3, 2012, Appellant was indicted for four counts of attempted murder. On May 31 through June 2, 2016, the circuit court conducted a trial during which Irby identified Appellant. At the conclusion of the State's case, the circuit court denied Appellant's directed verdict motion but indicated that it was inclined to

---

[1] Because we reverse the conviction pertaining to the child victim on the ground of specific intent, we need not address Appellant's argument that the evidence of only three gunshots limited his possible convictions to three counts. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

give a jury instruction on the lesser-included offense of first degree assault and battery and to possibly grant a renewed directed verdict motion as to Child after the conclusion of the defense's case and any possible rebuttal by the State.

When Appellant renewed his directed verdict motion, the presiding judge indicated he would take the matter under advisement and asked defense counsel to remind him the next morning to place his ruling on the record. However, the record reflects neither a reminder from counsel nor an express ruling from the circuit court on the following morning. The circuit court instructed the jury on both attempted murder and first degree assault and battery as defined in section 16-3-600(C)(1)(b)(i) of the South Carolina Code (2015).

At the trial's conclusion, the jury found Appellant guilty of four counts of first degree assault and battery. The circuit court sentenced Appellant to seven and one-half years of imprisonment as to each of the four victims, with two of the sentences to run consecutively and the other two to run concurrently with each other and with the two consecutive sentences. This appeal followed.

## ISSUES ON APPEAL

1.    Was there sufficient evidence of Appellant's specific intent to harm Child?

2.    Did the circuit court err by declining to instruct the jury that specific intent had to be proven as to each victim?

## STANDARD OF REVIEW

Directed Verdict

"When ruling on a motion for a directed verdict, the [circuit court] is concerned with the existence of evidence, not its weight." *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) (quoting *State v. Wiggins*, 330 S.C. 538, 545, 500 S.E.2d 489, 493 (1998)). Likewise, on appeal, "this [c]ourt must affirm the [circuit] court's decision to submit the case to the jury" when "the [S]tate has presented 'any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused.'" *State v. Hepburn*, 406 S.C. 416, 429, 753 S.E.2d 402, 409 (2013) (quoting *State v. Cherry*, 361 S.C. 588, 593, 606 S.E.2d 475, 478 (2004)). In making this determination, "this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State." *State v. Pearson*, 415

S.C. 463, 470, 783 S.E.2d 802, 806 (2016) (quoting *Butler*, 407 S.C. at 381, 755 S.E.2d at 460).

Jury Instruction

An appellate court will not reverse a circuit court's decision regarding a jury instruction unless there is an abuse of discretion. *State v. Cottrell*, 421 S.C. 622, 643, 809 S.E.2d 423, 435 (2017). "An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166–67 (2007).

## LAW/ANALYSIS

### I.    **Directed Verdict**

Appellant argues the circuit court erred by failing to direct a verdict on the indictment referencing Child because there was no evidence showing Appellant's knowledge of Child's presence inside Glenn's home, and thus, there was no showing of Appellant's specific intent to injure Child. We agree.

#### A. Preservation

The State argues that the question of whether the circuit court should have granted Appellant's directed verdict motion is not preserved for review because the circuit court never ruled on the motion. We disagree.

At trial, the circuit court denied Appellant's initial directed verdict motion as to all four indictments. The circuit court added that once Appellant renewed the motion, the court might grant it as to the indictment referencing Child. When Appellant renewed the motion, the presiding judge advised counsel that he was taking the motion under advisement and asked Appellant's counsel to remind him "in the morning to put [his] ruling on the record." The record has no further specific reference to the motion. Nonetheless, during jury instructions, the circuit court directed the jury to determine whether Appellant was guilty or not guilty of attempted murder or first degree assault and battery as to *all four* indictments. Therefore, the circuit court implicitly denied Appellant's renewed directed verdict motion.

#### B. Specific Intent

Appellant argues that first degree assault and battery is a specific intent crime and there was no evidence of Appellant's specific intent to harm Child because Appellant had no knowledge that Child was inside Glenn's home when Appellant fired the gunshots.[2] Section 16-3-600(C)(1)(b) provides, in pertinent part, "A person commits the offense of assault and battery in the first degree if the person unlawfully . . . offers or attempts to injure another person with the present ability to do so, and the act . . . is accomplished by means likely to produce death or great bodily injury . . . ."[3] As to the "attempt" alternative of section 16-3-600(C)(1)(b), our case law provides,

> A person guilty of attempt is punishable as if he had committed the underlying offense. To prove attempt, the State must prove that the defendant had the *specific intent* to commit the underlying offense, along with some *overt act*, beyond mere preparation, in furtherance of the intent.
>
> In the context of an attempt crime, specific intent means the defendant intended to complete the acts comprising the underlying offense.

*State v. Reid*, 393 S.C. 325, 329, 713 S.E.2d 274, 276 (2011) (citations omitted); *see also State v. King*, 422 S.C. 47, 56, 810 S.E.2d 18, 22 (2017) (stating that attempted murder requires the specific intent to kill); *State v. Sutton*, 340 S.C. 393, 397, 532 S.E.2d 283, 285 (2000) ("In the context of an 'attempt' crime, specific intent means that the defendant consciously intended the completion of acts comprising the choate offense. In other words, the completion of such acts is the defendant's purpose.").

At trial, the State conceded that it would be difficult to show specific intent as to Child because the testimony indicated Appellant arrived at Glenn's home "around

[2] Appellant also argues the State could not show specific intent by application of the transferred intent doctrine because Child was uninjured. We note that during arguments on Appellant's initial directed verdict motion, the State relied on the doctrine of transferred intent, but when the circuit court ruled on the motion, it stated that it was not relying on the doctrine.

[3] Subsection (C)(3) provides that first degree assault and battery is a lesser-included offense of assault and battery of a high and aggravated nature, as defined in subsection (B)(1), and attempted murder, as defined in section 16-3-29 of the South Carolina Code (2015).

7:00 [p.m.] and the children's party ended around 5:00 [p.m.]." Further, the record does not reveal any indicators that would have alerted Appellant to the presence of Child inside the home. This lack of evidence that Appellant specifically intended to injure Child required the circuit court to direct a verdict for Appellant as to the indictment involving Child. Therefore, we reverse Appellant's first degree assault and battery conviction as to Child.

## II.    Jury Instruction

Appellant asserts the circuit court erred by declining to instruct the jury that the State was required to prove specific intent as to each victim. The State argues that the circuit court's instructions to the jury were equivalent to Appellant's requested instruction and, therefore, the circuit court's verbal indication that it was denying Appellant's request was meaningless. We agree with the State.

During the charge conference, Appellant requested the circuit court to reference each victim listed in the respective indictments in its jury charges on the specific intent element of both attempted murder and first degree assault and battery. The circuit court stated that it was denying the request. However, the circuit court included the following statements in its jury instructions:

> The indictments in this case allege four counts of attempted murder against the Defendant, attempted murder of Sarah Irby, attempted murder of John Glenn, attempted murder of Tiffany Garrett, and attempted murder of [Child]. Each indictment charges a separate and distinct offense because *each indictment involves a separate alleged victim. You must decide each indictment separately* based upon the evidence and law applicable to it uninfluenced by your decision as to any other indictment. The Defendant may be convicted or acquitted on any or all of the indictments. You will be asked to write a separate verdict of guilty or not guilty for each indictment.   And I will explain that to you at the conclusion of my charge.
>
> . . .
>
> Now, criminal intent can either be specific or general. General intent crimes are crimes [that] only require the

doing of some act and do not require that any specific result was intended by the Defendant. Criminal intent only requires that the pr[o]scribed act taken by the Defendant be voluntary in nature. A specific intent crime requires that the Defendant had the intent to cause a particular result or that the Defendant had the specific intent in committing the act. A person acts with specific intent when his conscious objective is to cause the specific result pr[o]scribed by the statute defining the events.

. . .

. . . A specific intent to kill is an element of attempted murder, which must be proven by the State beyond a reasonable doubt.

Now, ladies and gentlemen, if you find that the State has failed to prove beyond a reasonable doubt that the Defendant committed attempted murder on any of the four indictments, then you may consider whether the State has proven beyond a reasonable doubt the lesser included charge of assault and battery in the first degree. A person commits the offense of assault and battery in the first degree if the person unlawfully offers or attempts to injure another person with the present ability to do so and the act is accomplished by means likely to produce death or great bodily injury.

. . . *A specific intent is an element of assault and battery first degree* [that] must be proven by the State beyond a reasonable doubt.

Now, in just a moment, I'm going to come down to the jury box and explain the verdict form that I have prepared to assist you in your deliberations and in reaching your verdict. As to each indictment, your verdict must be unanimous, an agreement by the 12 of you. Once you have reached a verdict as to each indictment, then you will notify the bailiff that a verdict has been reached.

. . .

And [the verdict form is] divided up into four sections. One section for each indictment. . . . First indictment involves Sarah Irby. You make a determination whether or not the Defendant is guilt[y] or not guilty as to the attempted murder. If you determine that the Defendant is guilty, then you would go to the second indictment and conduct the same analysis. *However, if you believe that the State has failed to meet its burden of proof by proving to you each and every element of attempted murder as to Sarah Irby, then you can go to the lesser included offense of assault and battery in the first degree and determine whether or not the Defendant is not guilty or guilty. That same analysis will apply to each indictment. The next indictment involves John Glenn. The same analysis. The third indictment, Tiffany Garrett, same analysis. The fourth indictment is involving [Child].* Okay.

When the jury has reached a unanimous verdict and you mark the appropriate line, put your initials, okay, to indicate the verdict as to each indictment.

(emphases added). These statements as a whole satisfy Appellant's request to link the specific intent element to a particular victim,[4] especially the statements,

[I]f you believe that the State has failed to meet its burden of proof by proving to you *each and every element* of attempted murder *as to Sarah Irby*, then you can go to the lesser included offense of assault and battery in the first degree and determine whether or not the Defendant is not guilty or guilty. *That same analysis will apply to each indictment*.

---

[4] Appellant maintains on page 7 of his brief "[h]ad the jury been properly charged that the state was required to prove intent as to each victim beyond a reasonable doubt, there is a reasonable likelihood that the jury would have found [Appellant] not guilty of one or more of the charges."

(emphases added). The jury instruction advised the jury that specific intent was a required element of first degree assault and battery and that the jury had to apply the same analysis to each respective indictment referencing the four victims by name when determining whether the state had proved the elements of either attempted murder or first degree assault and battery beyond a reasonable doubt. Therefore, the instruction as a whole covered Appellant's desired instruction. *See State v. Marin*, 415 S.C. 475, 482, 783 S.E.2d 808, 812 (2016) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial." (quoting *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011))); *id.* ("The substance of the law is what must be instructed to the jury, not any particular verbiage." (quoting *State v. Smith*, 315 S.C. 547, 554, 446 S.E.2d 411, 415 (1994))).

## CONCLUSION

Accordingly, we reverse Appellant's first degree assault and battery conviction as to Child but affirm Appellant's remaining convictions.

**AFFIRMED IN PART AND REVERSED IN PART.**

**LOCKEMY, C.J., and HEWITT, J., concur.**