**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alqi Dhimo, Appellant.

Appellate Case No. 2018-000110

---

Appeal From Horry County
Steven H. John, Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-031
Submitted January 1, 2020 – Filed February 5, 2020
Withdrawn, Substituted and Refiled April 29, 2020

---

**AFFIRMED**

---

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor Jimmy A. Richardson, II,
of Conway, all for Respondent.

---

**PER CURIAM:** Alqi Dhimo appeals his conviction and sentence on a charge of attempted criminal sexual conduct (CSC) in the third degree. The indictment alleged Dhimo attempted to engage in sexual battery with a victim whom he knew or had reason to know "was mentally defective, mentally, incapacitated[,] or physically helpless." On appeal, Dhimo argues the trial court should have directed a verdict of acquittal because of the absence of both direct evidence and substantial circumstantial evidence that he knowingly attempted to engage in sexual battery with the victim while she was in an impaired state.

Because there was substantial circumstantial evidence presented at trial from which Dhimo's guilt could be logically and fairly deduced, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 16-3-654(1)(b) (2015) ("A person is guilty of criminal sexual conduct in the third degree if the actor engages in sexual battery with the victim and . . . [t]he actor knows or has reason to know that the victim is mentally defective, mentally incapacitated, or physically helpless and aggravated force or aggravated coercion was not used to accomplish sexual battery."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("[A]lthough the *jury* must consider alternative hypotheses, the *court* must concern itself solely with the existence or non-existence of evidence from which a jury could reasonably infer guilt."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Reid*, 393 S.C. 325, 329, 713 S.E.2d 274, 276 (2011) ("To prove attempt, the State must prove that the defendant had the *specific intent* to commit the underlying offense, along with some *overt act*, beyond mere preparation, in furtherance of the intent."); *id.* ("In the context of an attempt crime, specific intent means the defendant intended to complete the acts comprising the underlying offense.); *id.* at 329-30, 713 S.E.2d at 276 (acknowledging that the question of whether an overt act was established depends largely upon the particular facts and circumstances, but further stating "[i]t is well settled that the 'act' is to be liberally construed, and in numerous cases it is said to be sufficient that the act go far enough toward accomplishment of the crime to amount to the commencement of its consummation" (quoting *State v. Quick*, 199 S.C. 256, 259, 19 S.E.2d 101, 102 (1942))); *State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) (noting that although a trial court should not refuse to direct a verdict if the evidence raises only a suspicion of guilt, "a trial judge is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis."); *State v. Tuckness*, 257 S.C. 295, 299, 185 S.E.2d 607, 608 (1971) ("The question of the intent with which an act is done is one of fact and is ordinarily for jury

determination except in extreme cases where there is no evidence thereon."); *State v. Lee-Grigg*, 374 S.C. 388, 403, 649 S.E.2d 41, 49 (Ct. App. 2007) ("Intent is a question of fact and is ordinarily for jury determination.").

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.