**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

──────────

**No. 21-4191**

──────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SONNY LAVORIS MACK,

Defendant - Appellant.

──────────

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge. (4:08-cr-01252-TLW-1)

──────────

Argued: October 28, 2022                          Decided: December 22, 2022

──────────

Before THACKER and HEYTENS, Circuit Judges, and Lydia K. GRIGGSBY, United States District Judge for the District of Maryland, sitting by designation.

──────────

Affirmed by published opinion. Judge Heytens wrote the opinion, in which Judge Thacker and Judge Griggsby joined.

──────────

**ARGUED:** Howard Walton Anderson, III, TRULUCK THOMASON LLC, Greenville, South Carolina, for Appellants. Derek A. Shoemake, Florence, South Carolina, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee. **ON BRIEF:** M. Rhett DeHart, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

──────────

TOBY HEYTENS, Circuit Judge:

Less than a year after being released from federal prison, Sonny Mack "engaged in an unjustified, merciless beating" of an unarmed, 72-year-old security guard that caused "permanent damage" to one of the victim's eyes. JA 50–51. The probation officer petitioned to revoke Mack's supervised release. In rulings not challenged here, the district court found Mack committed the alleged offense and that it constituted first-degree assault and battery under South Carolina law. The primary issue in this appeal is whether that offense is a "crime of violence" under the Federal Sentencing Guidelines. Because we conclude the answer is yes, we affirm the district court's judgment.

I.

The Federal Sentencing Guidelines identify three categories of supervised release violations. See U.S.S.G. § 7B1.1(a). Grade A violations are most serious. They include "conduct constituting" a state law offense that is "punishable by a term of imprisonment exceeding one year" and "is a crime of violence." § 7B1.1(a)(1).

In South Carolina, first-degree assault and battery is punishable by more than a year of imprisonment. See S.C. Code § 16-3-600(C)(2) (setting a maximum term of ten years). The question is whether it is a "crime of violence."

Although the Guidelines' definition of "crime of violence" has other components, the part relevant here requires the offense "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). In making that assessment, courts apply a categorical approach, asking whether an offense's

2

statutory elements "necessarily require[] the use, attempted use, or threatened use of . . . physical force." *United States v. Jones*, 914 F.3d 893, 904 (4th Cir. 2019).[1]

One final bit of table setting is necessary. When a criminal statute "list[s] elements in the alternative"—and thus "define[s] multiple crimes"—courts apply a "modified categorical approach" that first identifies "what crime, with what elements, a defendant was convicted of" and then asks whether that offense satisfies the categorical approach. *Mathis v. United States*, 579 U.S. 500, 505–06 (2016); see *United States v. Covington*, 880 F.3d 129, 132 (4th Cir. 2018) (applying modified categorical approach to whether divisible state offense fell within U.S.S.G. § 4B1.2(a)(1)).

The parties agree that South Carolina Code § 16-3-600(C)(1)—which creates the crime of first-degree assault and battery—is a "divisible" statute. *Mathis*, 579 U.S. at 505. They also agree Mack's conduct falls within subsection (b)(i). So the question before us is whether the "minimum conduct required to sustain a conviction" under that provision satisfies the Guidelines' elements clause. *United States v. Drummond*, 925 F.3d 681, 689 (4th Cir. 2019).

---

[1] *Jones* addressed whether a state offense qualified as a "violent felony" under the Armed Career Criminal Act's force clause. 914 F.3d at 901. Because the definitions are substantively identical, "we rely upon precedents evaluating" that question "interchangeably with precedents evaluating whether an offense constitutes a crime of violence under USSG § 4B1.2(a)." *United States v. Clay*, 627 F.3d 959, 965 (4th Cir. 2010).

3

II.

We hold that first-degree assault and battery in violation of South Carolina Code § 16-3-600(C)(1)(b)(i) is, categorically, a "crime of violence" under Section 4B1.2(a)(1) of the Federal Sentencing Guidelines. A person violates Section 16-3-600(C)(1)(b)(i) by:

> offer[ing] or attempt[ing] to injure another person with the present ability to do so, and the act . . . is accomplished by means likely to produce death or great bodily injury.

The categorical approach requires us to ask two questions about this statute. The first involves the required mental state—specifically, whether the crime requires conduct "directed or targeted at another" and thus excludes acts committed recklessly. *Borden v. United States*, 141 S. Ct. 1817, 1833 (2021) (plurality op.). The second involves the nature of the required force—specifically, whether the defendant must have used, attempted to use, or threatened to use "*violent* force," defined as "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

Here, the second question (the amount of force required) is open and shut. This law requires that the offense be "accomplished by means *likely* to produce death or great bodily injury." S.C. Code § 16-3-600(C)(1)(b)(i) (emphasis added). And "great bodily injury," in turn, "means bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ." § 16-3-600(A)(1). The level of force needed to inflict such injury is surely "*capable* of causing physical pain" and is plainly sufficient to "overcome a victim's physical resistance." *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019) (emphasis added). Nothing more is required.

4

Mack disputes this conclusion by referencing media reports of assault prosecutions where a sick person intentionally coughed on someone else. But one of the cases he cites was from a different State, and Mack cannot say whether either of the two South Carolina defendants he references were charged with offenses with comparable physical injury requirements. Those examples cannot bear the weight Mack seeks to place on them.

The first question (the required mental state) is a bit more involved, but we still conclude the district court got it right. To be sure, the statute does not contain any of the traditional mens rea terms like willfully, purposefully, knowingly, or recklessly. But a person can only violate Section 16-3-600(C)(1)(b)(i) by "*offer[ing]* or *attempt[ing]* to injure another person with the present ability to do so." (emphasis added). It is hard to imagine how a person could "recklessly offer" or "recklessly attempt" to do something. To the contrary, both verbs connote intentional conduct. Accord *State v. Reid*, 713 S.E.2d 274, 276 (S.C. 2011) (stating that attempt is a "*specific intent*" crime, meaning the defendant "intended to complete the acts comprising the underlying offense" (quotation marks omitted)). That is all the more true of this statute, which limits its reach to conduct "directed or targeted at another," *Borden*, 141 S. Ct. at 1833 (plurality op.), through its use of the words "to injure another person with the present ability to do so." S.C. Code § 16-3-600(C)(1)(b)(i).

Even if it might be possible to imagine a case of first-degree assault and battery via a reckless offer, that would not change our conclusion. To exclude a state offense under the elements clause, "there must be a realistic probability, not a theoretical possibility, that a state would actually punish that conduct." *United States v. Doctor*, 842 F.3d 306, 308

5

(4th Cir. 2016) (quotation marks omitted). But given the text of this statute—and "the total absence of case law" involving any such prosecutions—we conclude "there is not a realistic probability that South Carolina would punish" a reckless offer as first-degree assault and battery. *Id.* at 311.

*      *      *

The district court correctly determined that South Carolina Code § 16-3-600(C)(1)(b)(i) is a crime of violence under the Federal Sentencing Guidelines.[2] The judgment of the district court is thus

<em>AFFIRMED</em>.

---

[2] Mack also contends the district court failed to address all his arguments in favor of a lower sentence. But district courts are not required to "robotically tick through [18 U.S.C.] § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence," *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019), and courts imposing a revocation sentence "need not be as detailed or specific" as when imposing an initial sentence, *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017). Having reviewed the transcript, we are satisfied the district court adequately considered the relevant factors and provided enough explanation for its within-Guidelines sentence to permit meaningful appellate review.