**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4151**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE HAMILTON HADDEN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cr-00321-D-1)

Argued:  March 10, 2023                          Decided:  April 4, 2023

Before NIEMEYER and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, in which Judge Niemeyer and Judge Floyd joined.

**ARGUED:** Brian Bernhardt, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellant. Ross Brandon Goldman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Laura Elizabeth Beaver, THE BEAVER LAW FIRM, Raleigh, North Carolina; Matthew Nis Leerberg, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellant. Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States

Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

George Hadden pleaded guilty to possessing heroin with the intent to distribute it, possessing a firearm after being convicted of a felony, and using or carrying a firearm in connection with a drug trafficking crime. The presentence report calculated Hadden's advisory Guidelines range as 262–327 months of imprisonment, reflecting the probation officer's view that Hadden's previous criminal history triggered both the Armed Career Criminal Act (ACCA) and the Federal Sentencing Guidelines' career offender enhancement. The district court varied downward and sentenced Hadden to 240 months of imprisonment. Seeing no reversible error, we affirm.

## I.

The ACCA mandates an enhanced sentence for unlawful firearm possession if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The Federal Sentencing Guidelines also rachet up the advisory Guidelines range for a "career offender." U.S.S.G. § 4B1.1(b)–(c). As relevant here, that designation requires "at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a).

Hadden's presentence report identified five potentially relevant convictions: a 2001 conviction for assault with a dangerous weapon in violation of Michigan law; two 2004 convictions for delivering or manufacturing less than 50 grams of cocaine or heroin in violation of Michigan law; a 2015 conviction for robbery in violation of North Carolina common law; and a 2015 conviction for attempted second-degree kidnapping in violation

3

of North Carolina law. In the probation officer's view, these convictions triggered the ACCA and rendered Hadden a career offender under the Guidelines.

Before the district court, Hadden argued none of his prior convictions were predicate offenses under the ACCA or the Guidelines. The district court disagreed, concluding Hadden had four qualifying convictions: assault with a dangerous weapon, the two drug offenses, and attempted kidnapping. The court declined to count Hadden's 2015 conviction for North Carolina common law robbery, citing this Court's then-controlling decision in *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016). The district court agreed with the probation officer that Hadden's advisory Guidelines range was 262 to 327 months.

The district court then analyzed the 18 U.S.C. § 3553(a) factors to select an appropriate sentence. The court acknowledged Hadden's difficult childhood and commended his desire to play a meaningful role in his children's lives. But the district court also stressed the seriousness of Hadden's offenses, noting the devastation wreaked by heroin addiction and lamenting Hadden's role in perpetuating it. The court found Hadden's behavior even more troubling given his extensive criminal history and "baffling" "series of bad choices." JA 65. In the end, the district court announced it would vary downward from the advisory Guidelines range and sentenced Hadden to 240 months.

We review de novo whether a state crime qualifies as a predicate offense under the ACCA or the Guidelines. See *United States v. Drummond*, 925 F.3d 681, 688 (4th Cir. 2019) (ACCA); *United States v. Clay*, 627 F.3d 959, 964 (4th Cir. 2010) (Guidelines). "We review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Blue*, 877 F.3d

4

513, 517 (4th Cir. 2017) (quotation marks omitted). Finally, we must disregard "[a]ny error, defect, irregularity, or variance that does not affect substantial rights." Fed. R. Crim. P. 52(a).

## II.

The district court made no reversible error in sentencing Hadden to 240 months of imprisonment.

## A.

The district court properly designated Hadden a career offender under the Guidelines. Hadden concedes at least one of his 2004 drug convictions is a qualifying predicate offense. See Hadden Reply Br. 6–7; Oral Arg. 10:03–10:36. And because the career offender designation requires only two predicates, Hadden is a career offender if any of the other four convictions recounted above was a qualifying offense.

For that, we need look no further than Hadden's 2015 conviction for North Carolina common law robbery. After Hadden noticed his appeal, this Court decided *United States v. Dinkins*, 928 F.3d 349 (4th Cir. 2019), which abrogated the decision on which the district court relied and held North Carolina common law robbery is a qualifying predicate. See *id.* at 352. (*Dinkins* involved whether the offense is a violent felony under the ACCA rather than whether it is a crime of violence under the Guidelines, but this Court relies interchangeably on precedent interpreting both provisions. See, *e.g.*, *United States v. Mack*, 56 F.4th 303, 305 n.1 (4th Cir. 2022).)

Hadden's only response is that the government failed to preserve an argument that common law robbery is a predicate offense. We are unpersuaded. At sentencing,

5

government counsel specifically "preserv[ed] an argument" contesting the district court's refusal to count Hadden's conviction for North Carolina common law robbery. JA 49. And the government was not required to file a cross-appeal because it does not seek to alter the district court's judgment—that is, Hadden's sentence. See *Jennings v. Stephens*, 574 U.S. 271, 276 (2015). We thus hold the district court correctly classified Hadden as a career offender under the Guidelines.

### B.

We need not decide whether the district court erred in counting any of Hadden's other previous convictions or applying the ACCA enhancement because we conclude any error would have been harmless. This Court has refrained from resolving disputes about the propriety of an ACCA enhancement where it was clear the district court would have imposed the same sentence either way and its choice to do so would have survived appellate review. See *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017); *United States v. Shrader*, 675 F.3d 300, 315 (4th Cir. 2012). We follow the same course here.

First, we are confident the district court would have given Hadden the same sentence irrespective of the ACCA, because it said exactly that. See JA 68 ("I don't think I have miscalculated the ACCA designation . . . but if I have . . . I would . . . make that 120 months on Count 3, but the Count 1 sentence would remain the same as would the Count 2 consecutive sentence[.]"). Indeed, Hadden concedes this point. See Hadden Br. 6; Oral Arg. 1:53–2:03.

Second, the district court's chosen sentence would have been reasonable even without the ACCA enhancement. Hadden raises no procedural objections to his sentence,

6

and the record would not support such a claim. What is more, Hadden admits that—even without the ACCA enhancement—his advisory Guidelines range would have remained at 262 to 327 months because of the career offender designation. See Hadden Br. 15; accord U.S.S.G. § 4B1.1(c)(3). So even if the district court erred in concluding the ACCA enhancement applied, its 240-month sentence would still reflect nearly a two-year downward variance from the bottom of the advisory Guidelines range. Given Hadden's extensive criminal history and the seriousness of his most recent offense, we see no basis for concluding such a sentence would be substantively unreasonable.

Because we identify no errors that prejudiced Hadden, the judgment of the district court is

*AFFIRMED*.